HALL, APPELLANT, *v.* DIAMOND INTERNATIONAL CORPORATION, APPELLEE, ET AL.

(No. C-840002—Decided December 5, 1984.)

*Jerry L. Riseling,* for appellant.
*George B. Wilkinson,* for appellee.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Gregory M. Nolan,* for defendant Administrator, Bureau of Workers' Compensation.

*Per Curiam.* This timely appeal assigns as error the trial court's granting of appellee's Civ. R. 56 motion for summary judgment. The matter *sub judice* was before the trial court pursuant to R.C. 4123.519 as an appeal from an affirmance by the Columbus Regional Board of a ruling by the district hearing officer of the Industrial Commission. Appellant sought to receive workers' compensation benefits for an "anxiety and nervous condition" in May 1979, in addition to the back injury for which he had already been compensated in May 1975. Appellant argued that the "anxiety-nervous condition" is a new and changed condition flowing from the original injury with the passage of time and that, therefore, appellant should be compensated for this condition under R.C. 4123.52. The hearing officer determined that R.C. 4123.84 was controlling and that the claim was barred by the two-year statute of limitations provided therein. The trial court affirmed the determination by the hearing officer on that basis and we agree.

A review of the record demonstrates the "anxiety-nervous condition" manifested itself three years prior to the filing of the claim. R.C. 4123.52, which provides for continuing jurisdiction in the Industrial Commission to modify or change former findings or orders, requires strict adherence to the two-year

notice limitation of R.C. 4123.84 as to a claim for the specific part or parts of the body injured or disabled. The record clearly reveals that the "anxiety-nervous condition" is an alleged injury or disability to a specific part or parts of the body other than the original back injury location, and the notice of the claim was not made until three years after its manifestation. Thus the trial court was correct in finding that there existed no genuine issue of material fact in the granting of appellee's motion for summary judgment and we affirm that decision. We note that the motion for summary judgment was granted only as to Diamond International Corporation and that the other defendants appear to remain in the pending litigation. We therefore affirm the matter appealed and remand to the trial court for further proceedings consistent with law and with this decision.

*Judgment affirmed.*

KEEFE, P.J., BLACK and DOAN, JJ., concur.